**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**JOHN E. CULVER,**

    **Petitioner,**                        **Civ. Case No. 2:09-cv-728**
                                           **Crim. Case No. 2:07-cr-263**
**v.**                                        **JUDGE GREGORY L. FROST**
                                         **Magistrate Judge E.A. Preston Deavers**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## OPINION AND ORDER

Petitioner, a federal prisoner, brings the instant Motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. This matter is before the Court for consideration of Petitioner's motion. For the reasons that follow, the Court **GRANTS** the petition for a writ of habeas corpus on Petitioner's claim that he was improperly sentenced on Count 4 of the Indictment, which charged him with unauthorized use of identification of another person in violation of 18 U.S.C. § 1028A(a)(1). Consequently, this Court **VACATES** Petitioner's conviction on Count 4. Petitioner shall be re-sentenced accordingly. The Court **DISMISSES** Petitioner's remaining claims of ineffective assistance of counsel**.**

## I.  Background

As a result of a negotiated plea agreement, Petitioner pled guilty to Count 3 of the Indictment for bank fraud in violation of 18 U.S.C. § 1344 and to Count 4 for unauthorized use of the identification of another person in relation to the execution of a bank-fraud scheme in violation of 18 U.S.C. § 1028A(a)(1). (Docs. # 25, 26.) Petitioner executed the plea agreement and entered his pleas of guilty on July 30, 2008. On November 19, 2008, the District Court sentenced petitioner to 29 months imprisonment on Count 3 to be served consecutively to 24

month of imprisonment on Count 4.[1]  (Doc. # 30.)  Petitioner did not file an appeal of this sentence.

On August 14, 2009, Petitioner filed the instant *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  He asserts as follows:

> Ineffective assistance of counsel.
>
> Counsel failed to object to count 4, and advised movant to plead guilty to count 4, when movant's conduct did not legally constitute unauthorized use of identification of another person, thereby exposing movant to a 24 month consecutive term of custody.

Petitioner's claim of ineffective assistance of counsel is related to his assertion that he was improperly convicted and sentence under 18 U.S.C. § 1028A(a)(1) in view of *Flores-Figueroa v. United States*, 129 S.Ct. 1886 (2009), and that his sentence on Count 4 of the Indictment should therefore be vacated.

Respondent contends that Petitioner's claim of ineffective assistance of counsel is without merit.  Respondent, however, does not oppose Petitioner's claim that his conviction on 18 U.S.C. § 1028A(a)(1) under Count 4 of the Indictment should be set aside in view of *Flores-Figueroa*.

## II.  Analysis

Petitioner asserts that he was denied the effective assistance of counsel because his attorney failed to anticipate the United States Supreme Court's decision in *Flores-Figueroa*.  It has been long established that the right to counsel guaranteed by the Sixth Amendment is the

---

[1]  Consistent with his plea agreement, Petitioner forfeited the property addressed in Count 5 of the Indictment.  The Court also sentenced Petitioner to five years of supervised release on the two counts to be served concurrently.

right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984)

(quoting *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970)). The standard for reviewing a

claim of ineffective assistance of counsel is twofold:

> First, the defendant must show that counsel's performance was
> deficient. This requires showing that counsel made errors so serious
> that counsel was not functioning as the "counsel" guaranteed the
> defendant by the Sixth Amendment. Second, the defendant must
> show that the deficient performance prejudiced the defense. This
> requires showing that counsel's errors were so serious as to deprive
> the defendant of a fair trial, a trial whose result is reliable.

*Strickland,* 466 U.S. at 687; *see also Blackburn v. Foltz*, 828 F.2d 1177, 1180 (6th Cir. 1987).

"Because of the difficulties inherent in making the evaluation, a court must indulge a strong

presumption that counsel's conduct falls within the wide range of reasonable professional

assistance; that is, the defendant must overcome the presumption that, under the circumstances,

the challenged action 'might be considered sound trial strategy.' " *Strickland,* 466 U.S. at 689

(quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

To establish prejudice, a petitioner must establish that a reasonable probability exists that,

but for counsel's errors, the result of the proceedings would have been different. *Id.* at 694. "A

reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

Because the petitioner must satisfy both prongs of the *Strickland* test to demonstrate ineffective

assistance of counsel, if the Court determines that petitioner has failed to satisfy one prong, it need

not consider the other. *Id.* at 697.

A prisoner may challenge the entry of a plea of guilty on the basis that counsel's

ineffectiveness prevented the plea from being knowing and voluntary. *Tollett v. Henderson*, 411

U.S. 258, 267 (1973). When a petitioner raises a claim of ineffective assistance of counsel in

relation to the entry of a guilty plea, he or she still must satisfy the *Strickland v. Washington* two-part test. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). In order to obtain relief, a prisoner who is challenging the entry of his guilty plea on the basis of counsel ineffectiveness must first show that counsel's advice was not within the range of competence demanded of attorneys in criminal cases. *Id.*

> The second, or "prejudice" requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*Id.*

Here, Petitioner raises his claim under § 2255 of ineffective assistance of counsel because his attorney advised him to enter into the plea of guilty to Count 4 of the Indictment when, purportedly, his conduct did not violate 18 U.S.C. § 1028A(a)(1). He faults his attorney for failing to anticipate a change in the law that occurred over nine months after he executed his plea agreement as a result of the United States Supreme Court's decision in *Flores-Figueroa*.

In *Flores-Figueroa,* the Supreme Court considered the question of whether 18 U.S.C. § 1028A(a)(1) "requires the government to show that the defendant *knew* that the 'means of identification' he or she unlawfully transferred, possessed, or used, in fact, belonged to 'another person.' " 129 S.Ct. at 1888. The Court concluded that the statute does require the government to demonstrate that a defendant knew that the means of identification at issue belonged to another person. *Id*. at 1894. The government concedes the application of this holding to the case *sub judice*.

Petitioner has failed to establish that he was denied the effective assistance of defense counsel because his attorney failed to object to his conviction. Nor was Petitioner denied effective assistance on account of his attorney's inability to anticipate the Supreme Court's subsequent decision in *Flores-Figueroa,* which indeed resolved a split on the issue in the United States Courts of Appeals on this issue. *See Thompson v. Warden, Belmont Corr. Inst.*, 598 F.3d 281 (6th Cir. 2010) (holding that counsel is not ineffective for failing to predict a change in the law).

Petitioner has not established that his counsel's conduct in neglecting to advise him of the legal deficiencies in Count 4 or in failing to anticipate a development in the law rises to the level of ineffective assistance under the Sixth Amendment. Nevertheless, the Court notes that Respondent agrees that Petitioner's conviction should be vacated in light of *Flores-Figueroa.* Without objection from the United States, the Court **GRANTS** the petition for a writ of habeas corpus on this ground.[2]

Although he did not raise the matter in his original Petition under § 2255, Petitioner asserts in his memorandum in support that he was denied the effective assistance of counsel because his attorney failed to obtain a reduction of his sentence under the "safety valve" provision of 18 U.S.C. § 3553(f), which provides as follows:

---

[2] The Court acknowledges that some conflict remains withing the federal district courts regarding whether *Flores-Figueroa* applies retroactively to cases on collateral review. *See, e.g., United States v. Venancio-Dominguez,* 660 F. Supp. 2d 717 (E.D. Va. 2009) (concluding that *Flores-Figueroa* applies retroactively to cases on collateral review); *Short v. United States*, No. 4:09-CV-763, 2009 WL 3698431, at *14 (E.D. Mo. Nov. 3, 2009)(applying *Flores-Figueroa* retroactively and noting disagreement with *United States v. Ingram,* 613 F. Supp. 2d 1069, 1086 n.6 (N.D. Iowa 2009)). Because the United States does not object and, in fact, agrees that Petitioner's sentence on this Count should be vacated, the Court need not and does not address the issue of retroactivity.

Notwithstanding any other provision of law, *in the case of an offense under section 401, 404, or 406 of the Controlled Substances Act (21 U.S.C. §§ 841, 844, 846) or section 1010 or 1013 of the Controlled Substances Import and Export Act (21 U.S.C. §§ 960, 963)*, the court shall impose a sentence pursuant to guidelines promulgated by the United States Sentencing Commission under section 994 of title 28 without regard to any statutory minimum sentence, if the court finds at sentencing, after the Government has been afforded the opportunity to make a recommendation, that–

(1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;

(2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(3) the offense did not result in death or serious bodily injury to any person;

(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act; and

(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C. § 3553(f) (emphasis added).

Notwithstanding that Petitioner may meet the criteria set forth in subsections (1) through (5), his offenses of conviction under 18 U.S.C. § 1344 and § 1028A(a)(1) did not entitle him to any reduction under 18 U.S.C. § 3553(f).   The "safety valve" provision applies only to crimes specifically designated in the statute, namely 21 U.S.C. § 841, § 844, § 960, or § 963.  Petitioner,

6

therefore, has failed to establish ineffective assistance of counsel on this basis.

Petitioner additionally asserts that his attorney improperly failed to bring to the District Court's attention other "significant . . . factors" under 18 U.S.C. § 3553(a) that would have resulted in a lesser sentence. Specifically, Petitioner contends that he has been married over nine years and supports or contributes to the support of four children, with whom he has "exemplary" relationships; he has cooperated with the government; and he has a "crippling disability involving his spine" which contributed to his criminal acts and has resulted in suffering while incarcerated "well beyond the intent of the court at sentencing." (Doc. # 45, at 3).

The Court finds no merit to Petitioner's arguments. The PreSentence Investigation Report reflects that the Court was advised prior to imposition of sentence of all of the information of which Petitioner now complains and considered it among the factors it used in formulating his sentence. (*See PreSentence Investigation Report*, at 67-80.)

### III. CONCLUSION

The Court **GRANTS** the petition for a writ of habeas corpus on Petitioner's claim that he was improperly sentenced on Count 4 of the Indictment, which charged him with unauthorized use of identification of another person in violation of 18 U.S.C. § 1028(A)(a)(1). This Court **VACATES** his conviction on Count 4. Petitioner shall be re-sentenced accordingly. The Court **DISMISSES** Petitioner's remaining claims of ineffective assistance of counsel.

**IT IS SO ORDERED.**

   /s/   Gregory L. Frost

GREGORY L. FROST
UNITED STATES DISTRICT JUDGE
